HAGGAR COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89265. Promulgated July 21, 1938.

*O. D. Brundidge, Esq.*, for the petitioner.
*Joe D. Hughes, Esq.*, for the respondent.

OPINION.

TYSON: For the calendar year 1933 the respondent determined a deficiency of $382.49 in income tax and a deficiency of $1,376.52 in excess profits tax against the petitioner herein.

This proceeding has been submitted upon a stipulation of facts which, together with the exhibits attached thereto, is adopted as our findings of fact and included herein by reference.

The petitioner concedes as correct the deficiency of $382.49 in income tax. The sole issue is whether the petitioner may file a second or amended capital stock tax return for the year ending June 30, 1933, and thereby amend the declared value of its capital stock as reported in its first or original capital stock tax return for that year.

The petitioner, a Texas corporation, was in existence and doing

business during the year 1933, and prior thereto, with its principal office and place of business in Dallas, Texas.

Pursuant to section 215 (d) and (f) and section 216 (a) of the National Industrial Recovery Act, 48 Stat. 195, 208,[1] the petitioner on August 22, 1933, filed a capital stock tax return for the year ended June 30, 1933, setting out an original declared value of $120,000 for its entire capital stock, which was the par value thereof. Simultaneously the petitioner paid to the collector of internal revenue the capital stock tax of $120 shown to be due on that return. In filing the return the petitioner assumed that the law contemplated the declaration of the par value of its capital stock as shown by its charter rather than its actual value and the petitioner failed to give consideration to paragraph 3 of the "Instructions" attached to form 707, upon which the return was made.

Within the time for filing capital stock tax returns for the year ended June 30, 1933, as extended by Treasury Decisions 4368 and 4386, the petitioner filed, on September 28, 1933, a second capital stock tax return for that year, in which it declared the value of its capital stock to be $250,000. On the same date it paid to the collector of internal revenue the capital stock tax of $250 shown to be due on that return. Such return was accepted by the collector on the assumption

---

[1] SEC. 215 (d) Every corporation liable for tax under this section shall make a return under oath within one month after the close of the year with respect to which such tax is imposed * * * The Commissioner may extend the time for making the returns and paying the taxes imposed by this section, under such rules and regulations as he may prescribe with the approval of the Secretary, but no such extension shall be for more than sixty days.

\* \* \* \* \* \* \*

SEC. 215 (f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value can not be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section (or as of the date of organization in the case of a corporation having no income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section). For any subsequent year ending June 30, the adjusted declared value in the case of a domestic corporation shall be the original declared value plus (1) the cash and fair market value of property paid in for stock or shares, (2) paid-in surplus and contributions to capital, and (3) earnings and profits, and minus (A) the value of property distributed in liquidation to shareholders, (B) distributions of earnings and profits, and (C) deficits, whether operating or nonoperating; each adjustment being made for the period from the date as of which the original declared value was declared to the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section. \* \* \*

\* \* \* \* \* \* \*

SEC. 216 (a) There is hereby imposed upon the net income of every corporation, for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under section 215, an excess-profits tax equivalent to 5 percentum of such portion of its net income for such income-tax taxable year as is in excess of 12½ percentum of the adjusted declared value of its capital stock \* \* \* as of the close of the preceding income-tax taxable year (or as of the date of organization if it had no preceding income-tax taxable year) determined as provided in section 215. The terms used in this section shall have the same meaning as when used in the Revenue Act of 1932.

that it was for a corporation other than this petitioner, but upon disclosure that the two returns filed on August 22 and September 28, 1933, respectively, were for the same corporation, the petitioner was advised that the second return could not be accepted.

On or about August 9, 1937, the petitioner filed a claim for refund for the capital stock tax of $120 paid on August 22, 1933, and the claim was rejected by the Commissioner on November 26, 1937.

On or about August 13, 1937, the petitioner filed a conditional claim for refund of the capital stock tax of $250 paid on September 28, 1933, and on or about December 24, 1937, the Commissioner tendered a Treasury check payable to petitioner in the amount of $312.58 as a refund of the capital stock tax of $250 plus interest. The petitioner has not cashed that check and the petitioner's tender of the check back to the Government has been refused.

On March 15, 1934, the petitioner filed its "Corporation income tax and excess-profits tax return for the calendar year 1933", form 1120, on which it inadvertently computed its excess profits tax exemption at 12½ percent of $370,000, the total declared value shown in the two above mentioned capital stock tax returns. The petitioner now claims that its excess profits tax exemption should have been computed at 12½ percent of $250,000, the declared value of its capital stock as set out in its second capital stock tax return filed on September 28, 1933.

In determining the deficiency in excess profits tax, here in controversy, the respondent computed the exemption at 12½ percent of $120,000, the declared value of petitioner's capital stock as shown in its original capital stock tax return filed on August 22, 1933.

The question here presented was considered at length and decided adversely to petitioner's contention in *William A. Webster Co.*, 37 B. T. A. 800, and, with due respect for the United States Circuit Court of Appeals for the Sixth Circuit, we adhere to the rule there announced despite the contrary conclusion reached by that court in *Glenn* v. *Oertel Co.*, 97 Fed. (2d) 495.

On brief and in one paragraph of four lines the petitioner presents the contention that the applicable provisions of the National Industrial Recovery Act are unconstitutional if the tax is to be levied on the value of its capital stock as declared by the taxpayer rather than on its actual value. This raises a moot question here, since the pleadings raise no issue as to the actual value of the stock and the proof does not show its actual value. Moreover, the petitioner has failed to cite any authority in support of this contention or to make any argument with reference thereto and it is not apparent to us that the question of the constitutionality of the statute is so doubtful as to justify a holding that it is unconstitutional. Cf. *Rita O'Shaughnessy, Executrix*, 21 B. T. A. 1046; affd., 60 Fed. (2d)

235; certiorari denied, 288 U. S. 605. See also *Chicago Telephone Supply Co.* v. *United States*, 23 Fed. Supp. 471, wherein the United States Court of Claims held a later identical statute to be constitutional.

*Decision will be entered under Rule 50.*