FLOMOT GIN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93102.   Promulgated October 17, 1939.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

692

OPINION.

BLACK: If the capital stock tax return filed by petitioner on July 21, 1936, for the capital stock tax fiscal year ended June 30, 1936, was a proper return under the provisions of section 105 (a), (d), and (f) of the Revenue Act of 1935 as amended by section 401 of the 1936 Act, then any amendment of such return is not permissible even though a substantial mistake was made in the original declaration of the value of the capital stock. See *Scaife & Sons Co.* v. *Driscoll*, 18 Fed. Supp. 748; affd., 94 Fed. (2d) 664; certiorari denied, 305 U. S. 603; *William A. Webster Co.*, 37 B. T. A. 800; *Chicago Telephone Supply Co.* v. *United States*, 23 Fed. Supp. 471; certiorari denied, 305 U. S. 628; *Rosoff Tunnel Corporation* v. *Higgins*, 28 Fed. Supp. 880; *Haggar Co.*, 38 B. T. A. 141; affd., 104 Fed. (2d) 24; *A. J. Crowhurst & Sons, Inc.*, 38 B. T. A. 1072; and *Blake & Kendall Co.* v. *Commissioner*, 104 Fed. (2d) 679. In two cases where the second return was tendered within the time allowed for filing a first return, the second return was accepted as if it were the first return. *Oertel Co.* v. *Glenn*, 13 Fed. Supp. 651; affirmed by the Sixth Circuit, 97 Fed. (2d) 495; *Philadelphia Brewing Co.* v. *United States* (Ct. Cls.), 27 Fed. Supp. 583. In the instant proceeding the second return was not tendered within the time allowed for filing a first return. For this reason, the two last named cases would not be applicable.

Therefore, it seems clear that if the capital stock tax return filed by petitioner July 21, 1936, was a proper return, then the second or delinquent return which petitioner sent to the Commissioner April 30, 1937, accompanied by a check of $156.75, covering tax liability and interest and penalty could not be legally filed and the Commissioner was correct in refusing it and should be sustained in his determination of petitioner's excess profits tax on the basis of the valuation fixed in the first return. Whether the first return filed by petitioner was a proper return depends upon the applicable law and

regulations promulgated thereunder. Section 105 (a), (d), and (f) of the Revenue Act of 1935, as amended by section 401 of the 1936 Act, is the applicable law and is printed in the margin.[1]

Articles 31 and 44 of Regulations 64 (1936 ed.), which are deemed pertinent to the issue here involved, are printed in the margin.[2]

It will be nóted that section 105 (f) of the Revenue Act of 1935 as amended requires that "the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section."

Petitioner was on a fiscal year basis which began May 1 of a given year and ended April 30 in the following year. Therefore, its last income tax taxable year ending prior to the close of the capital stock year ended June 30, 1936, was the fiscal year ended April 30, 1936. Petitioner, therefore, under the mandatory requirement of section 105 (f) above cited, should have declared the value of its capital stock as

---

[1] (a) For each year ending June 30, beginning with the year ending June 30, 1936, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock. [As amended by Sec. 401, 1936 Act.]

\* \* \* \* \* \* \*

(d) Every corporation liable for tax under this section shall make a return under oath within one month after the close of the year with respect to which such tax is imposed to the Collector for the District in which is located its principal place of business \* \* \*. Such return shall contain such information and be made in such manner as the Commissioner with the approval of the Secretary may by regulations prescribe.

\* \* \* \* \* \* \*

(f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), *as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section.* \* \* \* [Italics ours.]

[2] ART. 31. *Incomplete return.*—In view of the finality of the value declared in the "first return under this section" as provided by section 105 (f), the filing of a tentative return of this tax by a corporation for the first year in which it is taxable under this Act is not permissible for any purpose. *In the event a definite and unqualified value is not declared, or if a return form is incomplete to the extent that it is not in substantial compliance with the Act, the form will not be regarded as a proper return and therefore its filing will not preclude the application of penalties for a delinquent filing.* [Italics ours.]

ART. 44. *Original declared value.*—(a) In its first return a corporation must declare a definite and unqualified value for its capital stock. "First return" means the first capital stock tax return filed by a corporation for its first taxable year under section 105. Extreme care should be exercised in making this original declared value, for the reason that if a return has been filed disclosing a declared value, such value cannot be changed, amended, or corrected, either by the corporation or by the Commissioner. A subsequent return declaring a different value, even though filed before the expiration of the prescribed period, is therefore not acceptable under the statute. The importance of the original declared value may be seen from the fact that such original declared value forms the basis for the computation of the tax on capital stock in years subsequent to the first taxable year, and constitutes a prime factor in determining the amount of tax imposed on excess profits under section 106 of the Revenue Act of 1935, as amended by section 402 of the Revenue Act of 1936. \* \* \*

of April 30, 1936. If it had done this, the return would have been a proper first return under the applicable act and regulations and, even though a mistake had been made in the declared value, it could not have been corrected by a subsequent amended return. See cases above cited.

But petitioner did not value its capital stock as of April 30, 1936. That fact seems perfectly clear when one examines the first capital stock tax return, which was filed July 21, 1936. It shows on its face that the valuation which was intended must have been as of June 30, 1936, which was one day after petitioner had been dissolved and its assets liquidated. The capital stock was reported as having no value, evidently on the basis that there was no capital stock in existence after the liquidation and dissolution of the corporation. This interpretation is borne out by the fact that the return gave the date of the dissolution of the corporation and made the statement that there was no outstanding capital stock, conditions which did not exist on April 30, 1936.

Article 31 of Treasury Regulations 64 (printed in the margin, *supra*) provides among other things, that, "if a return form is incomplete to the extent that it is not in substantial compliance with the Act, the form will not be regarded as a proper return and therefore its filing will not preclude the application of penalties for a delinquent return."

It seems clear to us that a return which undertakes to value the capital stock of a corporation at the end of the capital stock year at a time when the corporation has been dissolved and its assets entirely liquidated and which, therefore, reports the value of capital stock as "None," is not in "substantial compliance" with an act which requires the valuation to be made "as of the close of its last income taxable year ending at or prior to the close of the year for which the tax is imposed by this section." See section 105 (f) printed in the margin, *supra*.

As we have already pointed out, petitioner's last income taxable year, within the meaning of the above quoted statute, was the fiscal year which ended April 30, 1936, at which time petitioner was actively engaged in business and had capital stock outstanding of $20,000 par value (200 shares common stock at $100 par value per share). This capital stock had been valued for the capital stock year ended June 30, 1935, at $34,957.36. Therefore, for reasons already stated, we think the return filed by petitioner July 21, 1936, was clearly not in substantial compliance with the statute and we so hold. The Commissioner should have disregarded it, as provided by article 31 of Regulations 64, and petitioner's capital stock tax return filed April 30, 1937, should be accepted as petitioner's delinquent capital stock tax return for the capital stock tax year ended June 30, 1936.

Suppose, instead of having been dissolved on June 27, 1936, petitioner had increased its capital stock on that date from $20,000 to $100,000 and had filed its capital stock tax return for the capital stock year ended June 30, 1936, on July 21, 1936, as it did do and had declared the value of its capital stock to be $100,000 and had shown in that return that it was declaring the value of its capital stock not as of April 30, 1936, its last income tax year, but as of June 30, 1936, the close of its capital stock tax year. Would not the Commissioner have been justified in rejecting the return as no return at all under the law and the applicable regulations and in requiring petitioner to file a delinquent capital stock tax return? We think he would have been so justified and, if we are correct in that assumption, then we think that by the same reasoning the return which petitioner filed on an erroneous basis on July 17, 1936, must be rejected.

The capital stock tax return filed by petitioner April 30, 1937, being petitioner's first return under the provisions of said act, it had the right to declare any value that it saw fit. See section 105 (f) printed in the margin. Petitioner declared $120,000 as the value of its capital stock as of April 30, 1936, and tendered the Commissioner a check in payment of its capital stock tax for the year ended June 30, 1936, plus interest and delinquent penalty. Petitioner's excess profits tax, if any, should be computed upon a basis of $120,000 as the value of its capital stock on the basic date.

Respondent's counsel points out in his brief that there were printed instructions from the Commissioner's office which accompanied form 707, "1936 Return of Capital Stock Tax", and if petitioner had carefully read and heeded them it would not have made the error which is now in question. Counsel for respondent is doubtless correct in this statement. Nevertheless, the error clearly was made and it appears to have been innocently made, and we think under section 105 (f) and article 31 of the regulations cited above the return filed July 21, 1936, must be disregarded as a "first return."

The Commissioner does not contend that there is any element of estoppel present in the facts of the instant case. He simply relies upon that provision in section 105 (f) of the statute which says that a first return, once filed by a taxpayer corporation, can not thereafter be amended. For reasons we have already stated, we do not think this provision of the statute is applicable to the facts of the instant case.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

ARNOLD dissents.

TURNER, dissenting: I am unable to conclude, as the majority opinion apparently does, that the petitioner did not file a capital stock tax return until April 30, 1937, for its capital stock tax year ended June 30, 1936. Prior to that date and within the period prescribed by statute, it had filed a capital stock tax return for that capital stock tax year, and the fact that the first return filed was "erroneous" does not permit the construction that it was "incomplete" as that latter term is used in the regulations. *Scaife & Sons Co.* v. *Driscoll*, 94 Fed. (2d) 664. Compare *William A. Webster Co.*, 37 B. T. A. 800, and *Glenn* v. *Oertel*, 97 Fed. (2d) 495, for contrary views where the second return was filed within the period prescribed by the statute. For the reasons stated, I accordingly note my dissent.

DISNEY and OPPER agree with this dissent.