## WM. B. SCAIFE & SONS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7509.

Circuit Court of Appeals, Third Circuit.

Jan. 31, 1941.

Samuel Kaufman and S. Leo Ruslander, both of Pittsburgh, Pa., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Wm. L. Carey, Sp. Assts. to Atty. Gen., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

In June, 1936, the petitioner's vice president in charge of tax matters, instructed its treasurer to make its capital stock tax return as required by Section 105 of the Revenue Act of 1935, c. 829, 49 Stat. 1017, 26 U.S.C.A. Int.Rev.Acts, page 796, and to place upon its stock a value of $1,000,000. On July 29, 1936 the treasurer filed the return and by mistake placed a value of $600,000 upon the stock. When this error was discovered, a correct return was prepared declaring the value of the stock to be $1,000,000, and on September 3, 1936, which was after the time prescribed by the statute, an attempt was made to file this corrected return with the Collector of Internal Revenue who refused it.

The petitioner contends that the declaration attempted to be filed with the Collector upon September 3, 1936 was timely; that this was its true return which must serve as the basis for computing the excess profits tax imposed by Section 106 of the Revenue Act of 1935, 49 Stat. 1019, 26 U.S.C.A. Int.Rev.Acts, page 800.

The Supreme Court considered the nature of a similar return, one prescribed by Section 215 of the National Industrial Re-

[2] See also Grossman v. Kridel, 2 Cir., 90 F.2d 624, 626.

covery Act of 1933, 48 Stat. 195, 207, in the case of Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340. Mr. Justice Stone stated that the purpose of that statute was two-fold: first, to allow the taxpayer itself to fix the base for the capital stock tax; second, to guard the revenue against loss by providing for an increase in the excess profits tax prescribed by Section 216 of the National Industrial Recovery Act, 48 Stat. 208, in case of understatement as to the value of its capital stock by a taxpayer. In the cited case, the taxpayer had returned the value of its capital stock as $120,000, but within the time fixed for filing a return as extended by the Commissioner had attempted to file an amended return fixing the value of its stock at $250,000. The Commissioner refused to accept the amended tax return and assessed a deficiency. The Supreme Court held (308 U.S. page 395, 60 S.Ct. page 340, 84 L.Ed. 340) that the "first return" referred to in the statute meant the return "for the first year in which the taxpayer exercises the privilege of fixing its capital stock value for tax purposes, and includes a timely amended return for that year." Mr. Justice Stone went on to say, "A timely amended return is as much a 'first return' for the purpose of fixing the capital stock value in contradistinction to returns for subsequent years, as is a single return filed by the taxpayer for the first tax year." Since the manifest purpose of the statute was served, the Supreme Court permitted the timely amendment of the Haggar Company to be filed and to stand as its capital stock tax return.

In the case of J. E. Riley Investment Company v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. — the question of the timeliness of a return asserting statutory percentage depletion was before the Supreme Court. The statute involved was Section 114(b) (4) of the Revenue Act of 1934, 48 Stat. 680, 710, 26 U.S.C.A. Int. Rev.Acts, page 702, and in construing it the Supreme Court held that a gold mining company which was unaware of the existence of the depletion allowance provision provided by Section 23(m), 26 U.S.C. A. Int.Rev.Code, § 23(m), and for this reason did not assert percentage depletion in its first return could not be permitted to file an amended return over a year later in which it elected to take percentage depletion. The Supreme Court held that the later return was not a "first return" within the meaning of Section 114(b) (4), for that section requires the depletion allowance elected in the first return to be applicable not only for the taxable year for which the return was filed, but also for all subsequent taxable years. Referring to Haggar Company v. Helvering, supra, Mr. Justice Douglas stated that the decision in that case [311 U.S. 55, 61 S.Ct. 96, 85 L.Ed. ——] "* * * would compel the conclusion that had the amended return been filed within the period allowed for filing the original return, it would have been a 'first return' within the meaning of § 114(b) (4). But we can find no statutory support for the view that an amendment making the election provided for in that section may be filed as of right after the expiration of the statutory period for filing the original return." Mr. Justice Douglas went on to say that the opportunity to choose the method of depreciation "* * * was afforded as a matter of legislative grace; the election [none the less] had to be made in the manner and in the time prescribed by Congress. The offer was liberal. But the method of its acceptance was restricted. The offer permitted an election only in an original return or in a timely amendment. An amendment for the purposes of § 114(b) (4) would be timely only if filed within the period provided by the statute for filing the original return. No other time limitation would have statutory sanction. To extend the time beyond the limits prescribed in the Act is a legislative not a judicial function."

In the Riley Investment Company case the Supreme Court points out that it is not dealing with an amendment intended merely to correct errors or miscalculations of an original return and refers to Article 43-2 of Treasury Regulations 86 which allows amendments to permit a taxpayer in a later taxable year to take advantage of a loss incurred in a prior taxable year. This might imply the possible conclusion that if the amendment sought to be filed by the Riley Investment Company had been designed merely to correct an error or miscalculation made in stating depletion percentage in the original return such an amendment would have been permitted. But Section 114(b) (4) of the Revenue Act of 1934 does not contain language in anywise similar to that contained in subsection (f) of Section 105 of the Revenue Act of

1935 which expressly provides that the declaration of value made in the first return cannot be amended.

We conclude therefore that the "first return" required by 105(f) is that return, original or amended, made for the first year in which the taxpayer exercises its privilege of fixing the value of its capital stock tax when filed within the time and only within the time prescribed by the statute. It follows that the petitioner's attempted amendment was not timely and therefore cannot serve as the return required by the statute.

Accordingly the decision of the Board of Tax Appeals is affirmed.