LERNER STORES CORPORATION (MARYLAND) v. COMMISSIONER OF INTERNAL REVENUE.

No. 188.

Circuit Court of Appeals, Second Circuit.

March 24, 1941.

Andrew B. Trudgian, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The tax in dispute is the petitioner's excess profits tax for the fiscal year 1937. Sections 105 and 106 of the Revenue Act of 1935, 49 Stat. 1017, as amended by Sections 401 and 402 of the Revenue Act of 1936, 49 Stat. 1733, 26 U.S.C.A. Int.Rev.Acts, pages 798, 800, impose interrelated taxes on domestic corporations, namely a capital stock tax and an excess profits tax, calculated on the basis of the value of the capital stock as declared in the corporation's capital stock tax return for the first year in which the tax is imposed. The main question presented by the case at bar is whether a clerical error in the declared value of the capital stock as stated in a timely return may be corrected by filing a late amended return. To this question the Board of Tax Appeals gave a negative answer.

The facts as found by the Board are as follows: The petitioner is a corporation organized under the laws of Maryland, with its principal office in New York City. Its income is derived from dividends paid by subsidiary companies which it owns. Within the permitted time the petitioner filed a capital stock tax return for the first year ending June 30, 1936, in which the declared value of its capital stock was stated to be $25,000. This figure was entered on the return in error, through a mistake made by an employee of the petitioner. After discovering the error the petitioner, on January 27, 1937, forwarded to the commissioner what purported to be an amended capital stock tax return for the year ending June 30, 1936, in which the declared value of its capital stock was given as $2,500,000, and payment was made of tax, penalty and interest computed on such amended return. On July 12, 1937, the commissioner advised the petitioner that the declaration of value on the document sought to be filed as an amended return could not be accepted. The

money paid in connection with the so-called amended return was refunded to the petitioner. In determining the petitioner's net income subject to excess profits tax for the fiscal year ended January 31, 1937, the commissioner used the declared value of $25,000 appearing on the first capital stock tax return. This resulted in the deficiency complained of. The Board sustained the commissioner, saying that although it had found as a fact that the figure of $25,000 "was a mistake on the part of one of petitioner's employees", such finding was immaterial "inasmuch as in these matters either a mistake or a change of mind has the same legal consequences." The correctness of this ruling is the first question for consideration.

Section 105(a) imposes on a domestic corporation an annual excise tax at the rate of "$1 for each $1,000 of the adjusted declared value of its capital stock." Section 105(f) provides that "For the first year * * * the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), * * *." Despite this prohibition against amendment, a capital stock tax return may be amended within the time fixed for filing the first return. Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340. As Mr. Justice Stone there points out, 308 U.S. at page 394, 60 S.Ct. 337, the purpose of the statute is to allow the taxpayer to fix for itself the taxable base for purposes of computation of the capital stock tax, but with the proviso that the amount thus fixed for the first taxable year shall be accepted for computing both capital stock and excess profits taxes in later years. It contemplates an exercise of judgment—"declaration of value"—by the taxpayer and a report of its decision in the return. Up to the time when the return is due, the taxpayer may change its judgment and report a higher value, as in the Haggar case; but a change of judgment thereafter cannot affect its taxes, for the "declaration of value cannot be amended." But we are not confronted with a change of judgment by the taxpayer; the case at bar presents a situation where the taxpayer has made but one "declaration of value" and has inaccurately reported it to the commissioner due to an error of one of its employees. The correction of such a clerical mistake before the commissioner has acted in reliance upon it in computing taxes for a

later year cannot thwart the purposes of the statute or injure the interests of the government. The purpose of interlocking the excess profits tax with the capital stock tax was to induce corporations to exercise an honest judgment in declaring a fair or reasonable value upon their stock. See Glenn v. Oertel Co., 6 Cir., 97 F.2d 495, 496; Rochester Gas & Electric Corp. v. McGowan, 2 Cir., 115 F.2d 953, 954. The statute did not contemplate that the computation of the taxes would be based on clerical mistakes, and we can perceive no good reason for construing it to forbid their correction either before or after the return date, in the absence of facts raising an estoppel against the taxpayer. Suppose, for example, a corporation fails to file a capital stock return, or files one in which, through a typographical error, no figure whatever was inserted as the "declared value" of its stock. We cannot believe that a late return, in the first case, or an amended return, in the other, would not be received to enable the commissioner to assess the capital stock tax which the statute imposes. Cf. Flomot Gin Co. v. Commissioner, 40 B.T.A. 689. It is true that strict proof should be required to establish that the value stated in a return resulted from a clerical mistake; the amendment must not be used to substitute a declared valuation more favorable in the light of later events than the one originally decided upon and reported by the taxpayer. See Riley Co. v. Commissioner, 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. ——. But granted that the valuation stated in the return was due to a clerical error, we think no sound reason can be advanced for not permitting it to be corrected before the commissioner has acted in reliance on it. Not to do so deprives the taxpayer of the privilege the statute accords to exercise its own judgment in fixing the taxable base.

The respondent cites Riley Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. ——, as opposed to the conclusion we have reached. The statute there involved gave the taxpayer an election to take a percentage depletion allowance if he claimed it in his "first return." In ignorance of the statute, he failed to claim it originally but attempted to do so by an amended return. He was denied the right to do so; he elected too late. This case would be apposite if the petitioner at bar were attempting by amendment to change its judgment of the value to declare for its stock. It is not controlling where the amendment

seeks to correct a clerical error in the return. Mr. Justice Douglas was careful to state at page 58 of 311 U.S., at page 97 of 61 S.Ct.: "We are not dealing with an amendment designed merely to correct errors and miscalculations in the original return. Admittedly the Treasury has been liberal in accepting such amended returns even though filed after the period for filing original returns." A case in the Third Circuit, Wm. B. Scaife & Sons Co. v. Commissioner, 117 F.2d 572, decided January 31, 1941 supports the ruling of the Board. For the reasons already stated we respectfully disagree with it.

The petitioner attacks the constitutionality of the excess profits tax. This we ruled upon in Rochester Gas & Electric Corp. v. McGowan, 2 Cir., 115 F.2d 953, and are content to stand upon that opinion.

Order reversed.