## KEHOE-BERGE COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7477.

Circuit Court of Appeals, Third Circuit.

Jan. 24, 1941.

Leo W. White, of Pittston, Pa., and Robert S. Pasley, Jr., of New York City (Leo W. White, of Pittston, Pa., and Robert S. Pasley, Jr., of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, and Lee A. Jackson, Sp. Assts. to Atty. Gen., for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The facts and the legal question raised in this case are nearly the same as those raised in the Pittston-Duryea Coal Co. case, Pittston-Duryea Coal Co. v. Commissioner of Internal Revenue, 3 Cir., 117 F.2d 436, the opinion in which is filed this day. They differ, however, in one important particular. The taxpayer in the instant case filed its return for 1934 claiming a net loss in mining operations. No deduction for depletion was claimed in this return nor was any statement made regarding the basis for computing depletion. Sometime prior to October 3, 1936, the taxpayer agreed with the Internal Revenue agent at Scranton, Pennsylvania, for certain adjustments in its net income for the calendar year 1934. These adjustments result in a showing of net income from coal mining operations of $66,481.62. The agent allowed 50% of this figure for deduction as depletion and the additional tax assessed was paid by the petitioner. In its 1935 return petitioner took deduction for depletion computed on the percentage basis under § 114(b) (4) of the Act of 1934, 26 U.S.C.A. Int.Rev.

Acts, page 702. The 1934 and 1935 depletion deductions are in question in this litigation.

We do not find the issue in this case to be the same as that in the Pittston-Duryea case because of the difference in facts. The taxpayer did have a net income in 1934 which was subject to deduction for depletion had it been claimed in the form and at the time prescribed by the statute. He did not claim it. It is true that on the basis of his return there was nothing upon which to claim a deduction. But that return was found to be incorrect and the taxpayer acquiesced in the claim for additional taxes. In view of the decision of the Supreme Court of the United States in J. E. Riley Investment Co. v. Com'r of Int. Rev. 1940, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. ——, we see no possibility of upholding the taxpayer's claim for depletion allowance. Indeed the facts in the instant case do not create nearly the condition of hardship which was present in the Riley litigation.

The decision of the Board of Tax Appeals is affirmed.