HEALY RIVER COAL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99698. Promulgated May 29, 1941.

*Edward F. Medley, Esq.*, and *E. B. Hanley, Esq.*, for the petitioner.

*B. H. Neblett, Esq.*, for the respondent.

614

OPINION.

Hill: The only issue before us is whether or not petitioner is entitled to a deduction for depletion computed on the percentage basis as provided by section 114 (b) (4) of the Revenue Act of 1936.[1]

Section 114 (b) (4) of the Revenue Act of 1934, which first allowed the percentage method of depletion deduction, required the taxpayer to elect in his first return whether or not the depletion allowance should be computed with or without regard to percentage depletion and is identical in language with section 114 (b) (4) of the Revenue Act of 1936, excluding the last sentence of the latter section.

The instant proceeding is controlled by *Riley Investment Co.* v. *Commissioner*, 311 U. S. 55. There, upon facts substantially like those in the present case, the Supreme Court held that an amended return filed after the period within which an original return might be filed was not a "First Return" as required by section 114 (b) (4) of the Revenue Act of 1934.

We are of the opinion that the "First Return" filed by petitioner was the "Definitive Return" filed on May 24, 1935. No statement was made by petitioner in the "Definitive Return" regarding a claim for depletion allowance of any kind. The amended return in which petitioner first claimed an allowance for percentage depletion was not filed earlier than December 31, 1935. Since petitioner first claimed

---

[1] (b) BASIS FOR DEPLETION.—

\*     \*     \*     \*     \*     \*     \*

(4) PERCENTAGE DEPLETION FOR COAL AND METAL MINES AND SULPHUR.—The allowance for depletion under section 23 (m) shall be, in the case of coal mines, 5 per centum, in the case of metal mines, 15 per centum, and, in the case of sulphur mines or deposits, 23 per centum, of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property. A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the property for all taxable years in which it is in the hands of such taxpayer, or of any other person if the basis of the property (for determining gain) in his hands is, under section 113, determined by reference to the basis in the hands of such taxpayer, either directly or through one or more substituted bases, as defined in that section. The above right of election shall be subject to the qualification that this paragraph shall, for the purpose of determining whether the method of computing the depletion allowance follows the property, be considered a continuation of section 114 (b) (4) of the Revenue Act of 1934, and as giving no new election in cases where such section would, if applied, give no new election.

in its amended return an allowance for depletion computed on percentage basis, such claim came too late to entitle it to such allowance. The amended return was not filed within the time fixed by statute nor within such extended time as is authorized by statute. Revenue Act of 1934, sec. 53 (a) (1) and (2).[2] Subdivision (a) (1) of section 53 required petitioner's income tax return for the year 1934 to be filed on or before March 15, 1935. However, respondent had the power under the provisions of subdivision (a) (2) of that section to grant a reasonable extension of time (not exceeding six months) for filing such return. The definitive return filed May 24, 1935, was made within the allowable extension of time for filing the first return under the Revenue Act of 1934. The amended return filed December 31, 1935, was not filed within such allowable extension of time. Petitioner, therefore, was precluded from using the percentage method of depletion deduction. The statute clearly provides that if no statement of election is made upon filing the first return the depletion allowance of the taxpayer must be computed without reference to percentage depletion. The statute further provides that the method used in computing depletion allowance for the taxable years shall be used for all future taxable years in which the property is in the hands of the taxpayer. Finally, section 114 (b) (4) of the Revenue Act of 1936 specifically denies to a taxpayer a new right of election in cases where no right would be granted under the similar section in the Revenue Act of 1934. *Tonopah Mining Co. of Nevada*, 44 B. T. A. 165.

Petitioner argues that denial of an allowance based upon percentage depletion will work great hardship on petitioner, since it has no cost basis for other depletion allowance. In the *Riley Investment Co.* case, the taxpayer had exhausted its cost basis and, because it was denied the percentage depletion allowance, was deprived of any depletion deduction. Here petitioner never had a cost basis. In both cases a hardship is imposed because of the failure of the taxpayers to comply with the law. However, we can not exempt petitioner from the binding effect of the statute. Respondent's determination is sustained.

*Decision will be entered for respondent.*

---

[2] SEC. 53. TIME AND PLACE FOR FILING RETURNS.

(a) TIME FOR FILING.—

(1) GENERAL RULE.—Returns made on the basis of the calendar year shall be made on or before the 15th day of March following the close of the calendar year. Returns made on the basis of a fiscal year shall be made on or before the 15th day of the third month following the close of the fiscal year.

(2) EXTENSION OF TIME.—The Commissioner may grant a reasonable extension of time for filing returns, under such rules and regulations as he shall prescribe with the approval of the Secretary. Except in the case of taxpayers who are abroad, no such extension shall be for more than six months.