JOE DEGNAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TOIVO J. ROSANDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE. RESPONDENT.

Docket Nos. 108724, 108726. Promulgated October 15, 1942.

*Raymond G. Wright, Esq.*, and *F. H. Molitor, C. P. A.*, for the petitioners.

*John H. Pigg, Esq.*, for the respondent.

HILL: These proceedings involve a redetermination of income tax deficiencies determined by the respondent for the year 1939 in the following amounts: Joe Degnan, $224.51, and Toivo J. Rosander, $224.51.

The proceedings were submitted under Rule 30 of the Board's Rules of Practice and were consolidated for consideration and report. All issues have been waived by the petitioners except the question of whether or not the partnership composed of the two petitioners is entitled to compute its depletion on a percentage basis. All the facts as stipulated are adopted as our findings of fact and only those necessary to a determination of the issue are set forth.

Both petitioners filed timely income tax returns for the year 1939 with the collector of internal revenue at Tacoma, Washington.

Petitioners were equal partners in a partnership known as Degnan & Rosander. The principal office of this partnership is at Ophir, Alaska. On or about May 12, 1938, the partnership acquired a metal mine near Ophir, Alaska. This property was operated for the benefit of the partnership at all times material to this proceeding subsequent to May 12, 1938. The first items of income from the property were derived and the first items of deductible expenses were incurred by the partnership during the calendar year 1938 subsequent to May 12.

In his return for 1938 petitioner Degnan reported all items of income derived from the property during 1938. He claimed deductions in respect of the property and a net income from the property was included in his taxable income. He did not claim any deduction for depletion in respect of the property.

Petitioner Rosander did not report any part of the income derived from the property in his return for 1938, nor did he claim any deduction in respect of the property for that year.

The net income for the year 1938 had been distributed by the partnership to petitioner Degnan in accordance with an agreement between the petitioners.

The partnership did not file a return for the year 1938 until September 18, 1940, at which time a return was filed with the collector of internal revenue at Tacoma, Washington, disclosing gross income of $5,400 and total deductions of $2,571. Included among the deductions was an amount of $810 representing depletion computed on a per-

centage basis. The following notation was contained on the face of that return: "We elect to take depletion on the basis of 15% of gross as provided by law." No request had been made by or on behalf of the partnership for an extension of time within which to file its return for the year 1938 and no extension was granted.

The partnership filed a timely return for the year 1939 on March 29, 1940. Included among the deductions reported on that return was the amount of $5,110.30, representing depletion claimed on the percentage basis. The following notation was contained upon that return, "Election is hereby made to take depletion on the percentage basis as provided in section 114 (B) (4) Revenue Act of '32 and '34."

The ultimate question posed by this state of facts is whether or not the delinquent partnership return for 1938 or the timely return for 1939 is a "first return" within the meaning of section 114 (b) (4) of the Revenue Act of 1938. This section provides in part:

SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

\*      \*      \*      \*      \*      \*      \*

(b) BASIS FOR DEPLETION.—

\*      \*      \*      \*      \*      \*      \*

(4) PERCENTAGE DEPLETION FOR COAL OR METAL MINES AND SULPHUR.— \* \* \* A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the property for all taxable years in which it is in the hands of such taxpayer, or of any other person if the basis of the property (for determining gain) in his hands is, under section 113, determined by reference to the basis in the hands of such taxpayer, either directly or through one or more substituted bases, as defined in that section. \* \* \*

Section 187 of the Revenue Act of 1938 provides that a partnership shall make a return. By virtue of this section the partnership was required to make a return for 1938 irrespective of whether or not all of the income was distributed to one of the partners and reported by him. The question further refined is whether a return filed after the time allowed by the statute for filing the 1938 return is a proper place to elect to take percentage depletion. We think not. There appear to be no cases directly in point. Cases under other sections of the revenue act are helpful, but in the final analysis the answer to the issue of this case must be found in section 114 (b) (4).

In *J. E. Riley Investment Co.* v. *Commissioner*, 311 U. S. 55, the taxpayer filed a return without knowledge of the provisions of section 114 (b) (4) of the Revenue Act of 1934 (substantially similar to the Revenue Act of 1938 in so far as material). It took no depletion

of any sort. After learning of that section the taxpayer attempted to amend its return after the time for filing its original return had expired. The Supreme Court stated in part as follows:

If petitioner's view were adopted, taxpayers with the benefit of hindsight could shift from one basis of depletion to another in light of developments subsequent to their original choice. It seems clear that Congress provided that the election must be made once and for all in the first return in order to avoid any such shifts. And to require the administrative branch to extend the time for filing on a showing of cause for delay would be to vest in it discretion which the Congress did not see fit to delegate.

If we were to hold that the partnership's first return was either the 1938 or 1939 return, we would be giving the partnership the benefit of hindsight as much as if an amendment had been allowed in the *Riley* case. In that case the taxpayer took no depletion and did not know of its opportunity to elect to take percentage depletion. Certainly, the result was harsh as admitted by the Supreme Court, but that Court held the plain wording of the statute required such a result. It is to be noted that, by virtue of section 114 (b) (4), if the taxpayer does not affirmatively state that he wants the benefit of the percentage depletion, the depletion allowance will be computed without reference to percentage depletion.

Where a return was required by statute, it would be most illogical to allow the partnership to elect to take percentage depletion in a return filed long after the time allowed by statute and not to allow a taxpayer, such as the Riley Investment Co., to file an amended return upon a showing that no election was actually made because of the ignorance of the opportunity to make such. Moreover, the taxpayer in the *Riley* case showed cause for its ignorance of the provisions of section 114 (b) (4). See *Mother Lode Coalition Mines Co.* v. *Commissioner*, 125 Fed. (2d) 657; certiorari granted June 8, 1942; *Pittston-Duryea Coal Co.* v. *Commissioner*, 117 Fed. (2d) 436; *Healy River Coal Corporation*, 44 B. T. A. 613.

The election to take percentage depletion is granted to a taxpayer. The taxpayer in respect of partnership income is the partner and not the partnership. The appropriate place for the election to take percentage depletion in respect of depletable partnership assets is in the partnership return in order that such depletion allowance may be reflected in its distributable net income and thus carried into the individual income tax returns of the partners in the current taxable year. Either one of the partners is authorized to make the partnership return. The failure of the partnership to make a return of income for a given taxable year is attributable to each of the partners. The same is true if there is a failure to make the partnership return within the time limited by statute. There is no purpose in requiring a partnership return except for its relationship to items affecting the income

tax liability of each of the partners. In order to subserve such purpose it must be made within the time limited by statute, so that the information required therein may be available both to the taxpayer (partner) and the Government in determining the current tax liability of the partner.

Certainly the partners who are the taxpayers in respect of the partnership income have the exclusive right if timely exercised to determine whether their tax liability on the distributable shares of partnership income shall reflect the allowance of depletion on a percentage basis. To avail themselves of such right a timely election to that end must be made so that the allowance of the percentage depletion will be reflected in the individual returns of the partners for the first taxable year in which income or deductions from the partnership property occurred. If there has been no such election the statute denies the allowance of the percentage depletion not only for such taxable year but for all subsequent taxable years. There was no such election here either by the partners for the partnership or in their individual capacities.

Applicable to the facts in this proceeding we construe the term "first return" as used in section 114 (b) (4) to mean the return which the partnership should have timely made for the taxable year 1938 in compliance with the provisions of section 187, *supra*. Hence, neither the so-called partnership return for the taxable year 1938 made September 18, 1940, nor the partnership return timely made for the taxable year 1939 was a "first return" in which the election for percentage depletion allowance was authorized.

Since the partnership did not affirmatively elect to take depletion on a percentage basis on its "first return under this title", we must hold that it is not entitled to compute its depletion on such basis. Cf. *Louisville Property Co.*, 47 B. T. A. 23.

In view of our conclusion, the respondent did not err in determining the deficiencies.

*Decisions will be entered for respondent.*