Clover Splint Coal Company, Inc. v. Commissioner.
Clover Splint Coal Co. v. Commissioner
Docket No. 110257.
United States Tax Court
1943 Tax Ct. Memo LEXIS 224; 2 T.C.M. (CCH) 368; T.C.M. (RIA) 43314; June 29, 1943
*224 On February 26, 1927 petitioner entered into an agreement to operate a coal mine. It has operated it continuously from that date through the years 1938 and 1939. In its first return under the Revenue Act of 1934 petitioner did not state whether it elected to have the depletion allowance for such property for the taxable years computed with or without regard to percentage depletion. Held, for the taxable years 1938 and 1939 petitioner is not entitled to percentage depletion since it failed to indicate such election in its return for the year 1934. Arthur S. Dayton, Esq., 1101 Security Bldg., Charleston, W. Va., and William Wallace Booth, Esq., for the petitioner. W. J. McFarland, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies of $6,528.51 and $6,054.60 in the petitioner's income taxes for the years 1938 and 1939, respectively. The sole issue is whether or not the petitioner is entitled to a right of election as to percentage depletion, as provided in section 114 (b) (4) of the Revenue Act of 1936 (I.R.C., section 114 (b) (4)). Findings of Fact The facts were stipulated and as so stipulated are adopted as *225 findings of fact. The material portions thereof are substantially as follows: The petitioner is a corporation organized under the laws of the State of West Virginia for the purpose of mining and the production of coal. It filed its income and excess-profits tax returns for the years 1938 and 1939 with the Collector of Internal Revenue for the Twenty-third District of Pennsylvania at Pittsburgh, Pennsylvania. On February 26, 1927 the petitioner entered into an agreement with the Harlan Splint Company of Kentucky, whereby the petitioner acquired, at no cost to the petitioner, a coal mining leasehold located in Harlan County, Kentucky. The petitioner has at all times remained the lessee thereunder. In the return of the petitioner for the year 1938 a deduction for depletion in the amount of $37,700.76 was claimed, and similarly in its return for the year 1939 the amount of $34,922.63 was claimed as a deduction for depletion. Such claims for depletion were made upon the so-called percentage basis of computing depletion, and the respondent disallowed the claims of percentage depletion. No part of the above amounts claimed for depletion in the petitioner's income and excess-profits tax *226 returns for the years 1938 and 1939 was computed upon the cost basis for computing depletion. For the years 1934 and 1935 the petitioner did not indicate in its returns its election to adopt the percentage method of computing its depletion allowance, but it did make a statement on its return for the year 1936 showing its election to have its depletion allowance "computed with regard to percentage depletion". Opinion VAN FOSSAN, Judge: Petitioner frankly admits that the theory on which its case was based at the time of filing has been rendered untenable by the decision of the Supreme Court in Mother Lode Coalition Mines Co. v. Helvering, 317 U.S. 222, in which it was held that in determining what constituted a "first return" under section 114 (b) (4) of the Revenue Act of 1934 the fact that the taxpayer had no income was immaterial. The Court construed the Act strictly, citing Riley Investment Co. v. Commissioner, 311 U.S. 55. The petitioner now contends that "section 114 (b) (4) of the Revenue Act of 1936 gave a right of election of percentage depletion in all cases, except, under the last sentence thereof, such section *227 was a continuation of the previous law for the purpose of following the property in case of transfer of ownership, and there being no transfer of ownership of petitioner's leasehold, it was entitled to a new election under the general provisions of the section in question." As to this contention petitioner is likewise faced with adverse authority. See Tonopah Mining Co. v. Commissioner, 127 Fed. (2d) 239, where a comparable contention was rejected. The respondent is sustained. Healy River Coal Corp., 44 B.T.A. 613; Joe Degnan, 47 B.T.A. 899. Decision will be entered for the respondent.