BIRMINGHAM CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104761. Promulgated March 23, 1943.

*Francis L. Casey, Esq.*, for the petitioner.
*Robert S. Garnett, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The provisions of the statutes and regulations applicable to this proceeding are printed in the margin.[1]

Petitioner claims that the Treasury regulations promulgated in the enforcement of section 351 (d), if applied in the way the Commissioner contends they should be applied in this proceeding, are arbitrary in the extreme. It is perfectly true that, if the Commissioner's regulations go beyond what the law prescribes, then to the extent that they go be-

---

[1] Sec. 351 (d), Revenue Act of 1934:

SEC. 351. SURTAX ON PERSONAL HOLDING COMPANIES.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(d) PAYMENT OF SURTAX ON PRO RATA SHARES.—The tax imposed by this section shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire pro rata shares, whether distributed or not, of the "adjusted net income" of the corporation for such year. Any amount so included in the gross income of a shareholder shall be treated as a dividend received. Any subsequent distribution made by the corporation out of earnings or profits for such taxable year shall, if distributed to any shareholder who has so included in his gross income his pro rata share, be exempt from tax in the amount of the share so included.

Article 351–7 of Regulations 86 (in part):

ART. 351–7. *Payment of surtax on pro rata shares.*—The surtax imposed by section 351 does not apply to any taxable year if *every* shareholder includes, at the time of filing his return, in his gross income his *entire* pro rata share of the adjusted net income of the corporation for the taxable year of such corporation ending with or during his taxable year.

Sec. 53, Revenue Act of 1934:

SEC. 53. TIME AND PLACE FOR FILING RETURNS.

(a) TIME FOR FILING.—

(1) GENERAL RULE.—Returns made on the basis of the calendar year shall be made on or before the 15th day of March following the close of the calendar year. \*　\*　\*

(2) EXTENSION OF TIME.—The Commissioner may grant a reasonable extension of time for filing returns, under such rules and regulations as he shall prescribe with the approval of the Secretary. Except in the case of taxpayers who are abroad, no such extension shall be for more than six months.

'yond the law they are invalid. See *Lane-Wells Co.* v. *Commissioner*, 128 Fed. (2d) 739; *Helvering* v. *Sabine Transportation Co.*, 318 U. S. 306.

But does article 351–7 of Regulations 86 go beyond what Congress has prescribed in section 351 (d) of the Revenue Act of 1934? We think not. That section allows a personal holding company to escape the rigors of the personal holding company surtax on its adjusted net income when *all* the shareholders of the corporation include (at the time of the filing of their returns) in their gross income their entire pro rata shares, whether distributed or not, of the "adjusted net income" of the corporation for the taxable year.

Article 351–7 of Treasury Regulations 86, *supra*, provides that:

\* \* \* The surtax imposed by section 351 does not apply to any taxable year if *every* shareholder includes, at the time of filing his return, in his gross income his *entire* pro rata share of the adjusted net income of the corporation for the taxable year of such corporation ending with or during his taxable year.

In *Automobile Loans, Inc.*, 36 B. T. A. 809, we held that the "time of filing a return," as used in section 351 (d) of the Revenue Act of 1934, means the return to be filed on or before March 15 of the year following the taxable year, and does not include an "amended return" filed at a date later than March 15.

In the instant case it is conceded that Henry M. Marx made no mention whatever in the income tax return which he filed on February 20, 1936, or in the amended return which he filed March 7, 1936, of his share of the adjusted net income of the petitioner for the calendar year 1935. It was only in his second amended return, filed March 28, 1936, that Henry M. Marx returned his part of the adjusted net income of the corporation for the year 1935. This was too late and would seem to bring petitioner's case within the ambit of *Automobile Loans, Inc., supra*.

Petitioner argues, however, that the instant case is distinguishable from *Automobile Loans, Inc., supra*, because in that case neither one of the two stockholders of the taxpayer personal holding company included his share of the adjusted net income of the corporation in his return filed prior to March 15, whereas in the instant case all of the stockholders included their share of the adjusted net income of the petitioner for the year 1935 in their first returns filed, except Henry M. Marx.

It will be noted in our findings of fact that petitioner and most of its stockholders filed their income tax returns for the year 1935 on March 16, 1936, which was one day later than the usual final date of March 15. This fact, however, is of no significance because in 1936 March 15 fell on a Sunday and the returns filed on March 16 were filed in time. The Commissioner does not contend otherwise.

However, the fact still remains that the first return and the first amended return of Henry M. Marx, whose share of petitioner's adjusted net income for 1935 was $5,444.67, both filed prior to March 15, 1935, did not include any part of his share of such income nor make any mention of it whatever. It was only when his second amended return was filed on March 28, 1936, that he included his share of the adjusted net income of petitioner for the year 1935, although he had been notified what his share of such net income was by petitioner's secretary on or about March 8 or 9, 1936. His share of the income of petitioner was too substantial to fall within the maxim of *de minimis non curat lex*.

What our decision would be if the share of Henry M. Marx in petitioner's adjusted net income for 1935 was only a few dollars we do not undertake to decide. We have no such case before us.

As has already been stated, petitioner contends that the result reached in the Commissioner's determination and in his construction of section 351 (d) and the applicable regulations is too harsh and that we should hold in favor of the petitioner on the ground that there has been substantial, though not literal, compliance with the law and regulations, in view of the fact that Henry M. Marx filed his amended return including his share of the income just thirteen days after March 15, 1936. It is undoubtedly true that the failure of Henry M. Marx to include his share of petitioner's adjusted net income for 1935 in his first return was not due to willful neglect but was due to a mere innocent oversight on his part. However, we feel that we are powerless to give relief in view of the unambiguous words of the statute and the applicable regulations.

The taxpayer contended in *Riley Investment Co.* v. *Commissioner*, 311 U. S. 65, that the result there contended for by the Commissioner would produce great hardship and stressed the fact that it was located in the interior of Alaska and had no actual knowledge of the new opportunity afforded by section 114 (b) (4) of the Revenue Act of 1934 to make an election to take percentage depletion and that equitable considerations should therefore govern. The Supreme Court, in answering that contention, said:

* * * That may be the basis for an appeal to Congress in amelioration of the strictness of that section. But it is no ground for relief by the courts from the rigors of the statutory choice which Congress has provided.

In the instant case Congress has provided strict requirements under section 351 (d) and we feel that we have no power to relax them.

*Decision will be entered for respondent.*