The Tonopah Mining Company of Nevada, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 100393.   Promulgated April 10, 1941.

*George E. H. Goodner, Esq.*, and *Helen Goodner, Esq.*, for the petitioner.

*Paul E. Waring, Esq.*, for the respondent.

### OPINION.

Smith: This proceeding is for the redetermination of deficiencies for 1936 and 1937 in the amounts of $4,014.77 and $6,126.65, respectively. The only question in issue is whether the petitioner is entitled to depletion deductions on a percentage basis in 1936 and 1937 in respect of royalties which it received in those years from the operation of a gold and silver mine by its lessees.

The petitioner is a Delaware corporation with its principal office at 570 Bullitt Building, Philadelphia, Pennsylvania. It filed its income tax returns for the years 1936 and 1937 with the collector at Philadelphia.

Since about 1901 the petitioner has been the owner of a gold and silver mine known as the Tonopah Mine, located near Tonopah, Nevada. The petitioner itself operated the mine until February 1930, when it was temporarily closed. In October 1930 the mine was reopened under a plan whereby certain areas were leased to small groups of miners on a royalty basis. After the ore was mined it was handled entirely by the petitioner until finally disposed of. From the proceeds petitioner retained its royalties and returned the balance to the lessees. Such royalties were received by the petitioner in the

amounts of $108,997.78 in 1936 and $134,646.14 in 1937 and those amounts were reported by the petitioner in its income tax returns for those years.

In its 1936 return petitioner claimed a depletion deduction in the amount of $16,349.67, representing 15 percent of the $108,997.78 of royalties received in that year. The return contained the following statement:

The Tonopah Mining Company of Nevada hereby elects to have the depletion allowance for all of its mining property located at Tonopah, Nye County, Nevada, for the year 1936 and for future taxable years, when any ore is extracted therefrom, determined under the percentage depletion provisions of Section 114 (b) (4) of the Revenue Acts of 1934 and 1936, unless and until the statutes are changed and/or the taxpayer is given a new election.

Likewise, in its 1937 return petitioner claimed a depletion deduction of $20,196.92, being 15 percent of the amount of royalties received in that year.

The petitioner did not claim any depletion deductions in respect of its Tonopah Mine in its income tax returns for the years 1923 to 1935, inclusive, the March 1, 1913, value of the mine, as determined by the respondent, as well as the cost of the mine to the petitioner, having been completely exhausted through depletion deductions at the close of the year 1922.

No statement was made by the petitioner in its income tax returns for 1934 or 1935 with respect to any election to take depletion deductions on the percentage basis. Its net income for 1934 was $42,728.04 and for 1935 was $43,136.86.

The depletion deductions claimed by the petitioner in its returns for 1936 and 1937 were disallowed by the respondent for the reason that the petitioner had failed to state an election in its 1934 return to have a depletion allowance computed on the percentage basis.

Petitioner's contentions are, first, that it is entitled to make an election to take percentage depletion deductions under section 114 (b) (4) of the Revenue Act of 1936, and, in the alternative, that it was not necessary in the circumstances for it to make any election in order to be entitled to take depletion deductions in its 1936 and 1937 returns, computed on the percentage basis.

It is provided in section 23 (m) of the Revenue Act of 1934 that there shall be allowed as deductions in computing net income:

(m) DEPLETION.—In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; * * *

Section 114 (b) (4) of that act provides:

(b) BASIS FOR DEPLETION.—

*     *     *     *     *     *     *

(4) PERCENTAGE DEPLETION FOR COAL AND METAL MINES AND SULPHUR.—The allowance for depletion under section 23 (m) shall be, in the case of coal mines, 5 per centum, in the case of metal mines, 15 per centum, and, in the case of sulphur mines or deposits, 23 per centum, of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property. A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the property for all taxable years in which it is in the hands of such taxpayer, or of any other person if the basis of the property (for determining gain) in his hands is, under section 113, determined by reference to the basis in the hands of such taxpayer, either directly or through one or more substituted bases, as defined in that section.

Section 114 (b) (4) of the 1934 Act was reenacted without change in the 1936 Act, with the added provision:

The above right of election shall be subject to the qualification that this paragraph shall, for the purpose of determining whether the method of computing the depletion allowance follows the property, be considered a continuation of section 114 (b) (4) of the Revenue Act of 1934, and as giving no new election in cases where such section would, if applied, give no new election.

The respondent's position is that the petitioner, having failed to exercise an election to have its depletion allowance computed on the percentage basis in its return for 1934, its first return filed under that act, is not entitled to such depletion deductions in its later returns for 1936 and 1937.

In support of his contentions the respondent relies upon *Riley Investment Co.* v. *Commissioner*, 311 U. S. 55, and *Walter C. Hill*, 41 B. T. A. 245.

In *Riley Investment Co.* v. *Commissioner, supra*, the Court held that the taxpayer, a gold mining corporation, was not entitled to percentage depletion for 1934 under section 114 (b) (4) of the 1934 Act where the depletion allowance was first claimed in an amended return for 1934 filed on March 3, 1936; that such amended return was not a "first return" within the meaning of the statute. In its opinion the Court said:

Sec. 114 (b) (4) of the 1934 Act required the taxpayer to elect in his "first return" whether the depletion allowance was to be computed with or without regard to percentage depletion. The method so elected is applicable not only to the year in question but to all subsequent taxable years.

* * * * * * * *

\* \* \* Petitioner is seeking by this amendment not only to change the basis upon which its taxable income was computed for 1934 but to adopt a new method of computation for all subsequent years. That opportunity was afforded as a matter of legislative grace; the election had to be made in the manner and in the time prescribed by Congress. The offer was liberal. But the method of its acceptance was restricted. The offer permitted an election only in an original return or in a timely amendment. An amendment for the purposes of § 114 (b) (4) would be timely only if filed within the period provided by the statute for filing the original return. No other time limitation would have statutory sanction. To extend the time beyond the limits prescribed in the Act is a legislative not a judicial function.

\*       \*       \*       \*       \*       \*       \*

\* \* \* It seems clear that Congress provided that the election must be made once and for all in the first return in order to avoid any such shifts. And to require the administrative branch to extend the time for filing on a showing of cause for delay would be to vest in it discretion which the Congress did not see fit to delegate.

In *Walter C. Hill, supra,* we held that, where the taxpayers failed to elect percentage depletion in their original returns for 1934, 1935, and 1936, they were not entitled to make such an election in amended returns for those years filed in 1939. See also *Dorothy Glenn Coal Mining Co.,* 38 B. T. A. 1154.

The petitioner makes the argument that, although it failed to state an election of percentage depletion in its first return filed under the 1934 Act, it was granted a new right to make such an election by section 114 (b) (4) of the 1936 Act. We do not think that there is any merit in this contention. Obviously, the reenactment of section 114 (b) (4) of the 1936 Act was intended as a continuation of the provisions of the same section of the 1934 Act. It is specifically provided that the section gives no new election "for the purpose of determining whether the method of computing the depletion allowance follows the property." By no reasonable construction can it be said to confer a new right of election where there has been no transfer of the property. The Supreme Court was fully cognizant of the provisions of section 114 (b) (4) of the 1936 Act when it said in *Riley Investment Co.* v. *Commissioner, supra,* that the method elected in the first return under the 1934 Act "is applicable not only to the year in question but to all subsequent taxable years."

It is obvious, we think, that in the reenactment of section 114 (b) (4) in the 1936 Act Congress did not intend to give any new election to taxpayers who had failed to comply with the provisions of the 1934 statute in making their election of percentage depletion in their first return filed under that act.

If the petitioner had had no net income for 1934 or 1935 it would not have been incumbent upon it to make an election with regard to percentage depletion for either year. *Pittston-Duryea Coal Co.* v. *Commissioner* (C. C. A., 3d Cir.), 117 Fed. (2d) 436. But, since it

had a net income for each year, it is now too late for it to make an election.

The respondent was not in error in disallowing the depletion allowances claimed by the petitioner in its 1936 and 1937 returns.

*Decision will be entered for the respondent.*

