## BIRMINGHAM CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10765.

Circuit Court of Appeals, Fifth Circuit.

Nov. 1, 1943.

---

456

WALLER, Circuit Judge, dissenting.

———◆———

Francis L. Casey, of New York City, for petitioner.

Joseph M. Jones, Sewall Key, Newton K. Fox, and Samuel H. Levy, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The petition is for review of a decision sustaining a deficiency of $11,904.76 in personal holding company surtax assessed against Birmingham Corporation for the year 1935. The opinion of the Tax Court is reported, 1 T.C. 808.

Birmingham Corporation is a personal holding company. The corporation's five stockholders agreed that there would be no distribution of earnings for the year 1935, and that each shareholder would include his pro rata share of the adjusted net income of the corporation in his individual tax return, thereby allowing the corporation to take advantage of Section 351(d) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 759, which provides that the personal holding company surtax levied by Section 351(a) "shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire pro rata shares, whether distributed or not, of the 'adjusted net income' of the corporation for such year." Also see Art. 351-7, T.R. 86, 1934.

In returns timely filed each of the corporation's shareholders, except Henry M. Marx, included in their gross income their entire pro rata share of the adjusted net income of the corporation for the year 1935. On February 20, 1936, Henry M. Marx filed a return but did not include his pro rata share of such income. He filed an amended return on March 7, 1936, and again did not include such income. On March 8, 1936, he was informed by the secretary of the company of the amount of his pro rata share of the adjusted net income. His share was $5,444.67 of the total of $43,997.36. Thereafter, Henry Marx failed and neglected to report and include his share until March 28, 1936, thirteen days after the final day for filing returns, when he filed with the collector a second amended return including his pro rata share of the corporation's adjusted net income for 1935.

■ ■ We agree with the Commissioner and The Tax Court that the second amended return of Henry M. Marx did not measure to compliance with the requirements of Section 351(d). This section allows a personal holding company to escape the rigors of the surtax levied by Section 351(a) on condition that "all" shareholders include in their gross income their pro rata share of the adjusted net income of the corporation. If any shareholder fails to include his pro rata share of such income, the corporation may not reap the benefits of Section 51(d), but must pay the surtax levied by Section 351(a). Moreover, there is the further strict requirement that such pro rata share must be included by the shareholder "at the time of filing" his return. The "time of filing" of a return means a filing on or before the due date which is, in the absence of a duly granted extension of time, March 15th of the year following the close of the tax year. Sec. 53, Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Acts, page 683; Arts. 53-1, 53-4, T.R. 86, 1934. The shareholder, Henry M. Marx, had neither applied for nor been granted an extension of time for the filing of his return. His second amended return filed March 28, 1936, thirteen days after the due date, therefore came too late. Under no proper view of the case can it be considered that the inclusion of his pro rata share of the adjusted net income in his second amended return was a timely inclusion—an inclusion "at the time of filing" his return.

In Section 351(d). Congress has by clear and unambiguous language required that certain conditions be complied with before a personal holding company may be relieved of the surtax levied by Section 351 (a). The courts have no power to relax these strict requirements of the statute, and although this case on its face appears to be one of hardship caused by the neglect and oversight of only one shareholder, it must be recognized nevertheless that the plain requirements of the statute have not been met. Since these strict requirements were not met, the petitioner must pay the tax. Ita lex scripta est. Riley Inv. Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36.

The decision of The Tax Court is affirmed.

WALLER, Circuit Judge (dissenting).

The second amendment to Henry M. Marx's return, filed thirteen days after March 15, was accepted by the Collector, together with the additional tax due under the amended return. This procedure was in accord with an immemorial policy of the Department (in all situations except where the statute expressly provided otherwise) to permit a taxpayer to seasonably correct errors and oversights in his return. The right of a taxpayer to have his return speak the truth and accurately reflect his income is not only grounded in long-standing policy and precedent but in common honesty and good morals. In the absence of fraud, unreasonable delay, or positive statutory prohibition (such as in capital stock returns) the right to state the truth, if without malice, without giving information to the enemy, or without violating certain confidential relationships, is the prerogative of an American.

It is conceded: (a) That all the stockholders agreed to include in their individual returns their entire pro rata share of the adjusted and undistributed net income of the corporation; (b) that the corporation made a return on that basis; (c) that all stockholders, except Henry M. Marx, accurately and seasonably returned such income; (d) that Henry M. Marx filed an appropriate amendment on March 28; (e) that in April or May of the same year, Henry M. Marx received a request from the Collector of Internal Revenue for an additional surtax in the amount of $80.00 with respect to his amended return, which amount he paid. There was no fraud.

There was no intent to evade taxes, but simply a case of being too busy with the problems and perplexities of others to attend to his own.

Sec. 351(d) of the Revenue Act of 1934 does not condition the option upon the filing of a return on or before March 15, but "at the time of filing their returns".

It is my view that an amendment to a return, seasonably filed, which is accepted and the tax demanded and collected thereon, becomes, and is, a part of the original return as fully as if the amendment had been initially included therein. Statutory penalties and interest perhaps could have been imposed under appropriate statutes, but the penalty cannot now be a refusal of the amended return which had been seasonably and honestly filed and accepted.

The Collectors of Internal Revenue are empowered to grant extensions of time to file tax returns under Sec. 53, Revenue Act of 1934. See 26 C.F.R. 2.32. The acceptance of the amendment and the collection of the tax thereunder by the Collector does not work an estoppel against the Government, but it was equivalent to the granting, nunc pro tunc, of an extension of time for correcting the original return by the Collector.

The amendment in the present case was merely to correct an oversight, and the fact that it was requisite to a change in the corporation's tax policy was purely incidental.

The case of Riley Inv. Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 97, 85 L.Ed. 36, relied on by appellee and cited in the majority opinion, is not decisive. In that case the taxpayer was required to elect to take the percentage of depletion in its "first return", which it did not do, and did not attempt to do until thirteen months after it had filed its first return. The Commissioner could not have granted an extension for filing a return in excess of six months, and in that case the Court expressly pointed out that it was "not dealing with an amendment designed merely to correct errors and miscalculations in the original return". In the present case The Tax Court expressly stated that Henry M. Marx "was busy in professional work as a lawyer and neglected to take immediate steps to correct his mistake". (Italics supplied.) It must be conceded that an extension of time for not to exceed six months could have

been granted in this case, but such could not have been granted in the Riley case where the amendment was not tendered until thirteen months after the first return had been filed.

I dissent against the doing of an injustice which neither the facts, the statutes, nor impelling precedent makes mandatory upon the Court.