## CLOVER SPLINT COAL CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8521.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 21, 1944.

Decided June 6, 1944.

Arthur S. Dayton, of Charleston, W. Va. (William Wallace Booth and Paul E. Hutchinson, both of Pittsburgh, Pa., on the brief), for appellant.

Bernard Chertcoff, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, S. Dee Hanson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before JONES and McLAUGHLIN, Circuit Judges, and KALODNER, District Judge.

KALODNER, District Judge.

The issue here is whether or not petitioner is entitled to a new right of election in respect to the percentage depletion deductions claimed for the taxable years 1938 and 1939 under the provisions of Section 114(b) (4) [1] of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 867.

---

[1] The pertinent provision of Section 114(b) (4) of the Revenue Act of 1936 is as follows:

"A taxpayer making his first return under this title in respect of a property shall state whether he elects to have the depletion allowance for such property for the taxable year for which the return is made computed with or without regard to percentage depletion, and the depletion allowance in respect of such property for such year shall be computed according to the election thus made. If the taxpayer fails to make such statement in the return, the depletion allowance for such property for such year shall be computed without reference to percentage depletion. The method, determined as above, of computing the depletion allowance shall be applied in the case of the property for all taxable years in which it is in the hands of such taxpayer, or of any other person if the basis of the property (for determining gain) in his hands is, under section

The facts were found by the Tax Court as follows:

The taxpayer is a corporation organized under the laws of the State of West Virginia for the purpose of mining and the production of coal. It filed its income and excess profits tax returns for the years 1938 and 1939 with the Collector of Internal Revenue for the Twenty-third District of Pennsylvania at Pittsburgh, Pennsylvania.

On February 26, 1927, the taxpayer entered into an agreement with the Harlan Splint Land Company of Kentucky, whereby the taxpayer acquired, at no cost to the taxpayer, a coal mining leasehold located in Harlan County, Kentucky. The taxpayer has at all times remained the lessee thereunder.

In the return of the taxpayer for the year 1938 a deduction for depletion in the amount of $37,700.76 was claimed, and similarly in its return for the year 1939 the amount of $34,922.63 was claimed as a deduction for depletion. Such claims for depletion were made upon the so-called percentage basis for computing depletion, and the Commissioner disallowed the claims of percentage depletion. No part of the above amounts claimed for depletion in the taxpayer's income and excess profits tax returns for the years 1938 and 1939 was computed upon the cost basis for computing depletion.

For the years 1934 and 1935 (during which it operated at a loss) the taxpayer did not indicate in its return its election to adopt the percentage method of computing its depletion allowance.

In its return for the year 1936 (which disclosed a small net income) the petitioner for the first time stated its election to have its depletion allowance "computed with regard to percentage depletion."

The Tax Court sustained the Commissioner's determination disallowing the petitioner's claim for deductions for depletion computed on the percentage basis because of its failure to indicate its election therefor on its first return filed for the taxable year 1934.

The petitioner contends that under the provision of Section 114(b) (4) a taxpayer is not required to elect percentage depletion except upon the first return *after* it had a *net* income from which such depletion could be allowed as a deduction and, further, that the Act of 1936 confers upon the taxpayer a new right of election *except* in cases of change of ownership.

The petitioner is confronted with adverse decisions as to both of these contentions—one by the Supreme Court of the United States and the other by this Court.

In Mother Lode Coalition Mines Co. v. Helvering, Commissioner of Internal Revenue, 317 U.S. 222, 226, 63 S.Ct. 179, 182, 87 L.Ed. 227, the Supreme Court of the United States rejected the contention "that 'first return' means 'first return made by a taxpayer having *net* income derived from a property'." [2]

In Tonopah Mining Co. v. Commissioner of Internal Revenue, 3 Cir., 127 F.2d 239, this Court held that the taxpayer's failure to elect to take percentage depletions in the first return precluded any allowances for subsequent years.

In doing so it considered and rejected the presently advanced contention that the Act of 1936 confers upon the taxpayer a new right of election *except* in cases of change of ownership.

The two decisions cited are completely dispositive of the issues presented in this appeal.

The petitioner ingeniously argues that in the Mother Lode case there was a "literal" interpretation of the provisions of Section 114, while in the Tonopah Mining Co. case there was a "liberal" interpretation of that section. It complains, therefore, that it is unjustly impaled upon the "literal" and "liberal" horns of a dilemma.

113, determined by reference to the basis in the hands of such taxpayer, either directly or through one or more substituted bases, as defined in that section. *The above right of election shall be subject to the qualification that this paragraph shall, for the purpose of determining whether the method of computing the depletion allowance follows the property, be considered a continuation of section 114(b) (4) of the Revenue Act of 1934, and as giving no new election in cases where such section would,* if applied, give no new election." (Italics supplied).

[2] This Court in Pittston-Duryea Coal Co. v. Commissioner of Internal Revenue, 3 Cir., 117 F.2d 436, subscribed to the view held by the petitioner that there was no requirement to make an election until a "first return made by a taxpayer having net income" but that ruling was specifically overruled by the Supreme Court in the Mother Lode case.

110

Novel and interesting as the complaint of the petitioner might be, it would serve no useful purpose here to pursue this matter further.

The fact that the end result of an interpretation of a statute may be characterized as "literal" or "liberal" is of no moment.

In both the Mother Lode and the Tonopah Mining cases there was a common-sense interpretation of the statute designed to effectuate the plain intent of the legislature.

That the Supreme Court was far from "literal" in its interpretation of the statute is evidenced by its statement on page 227 of 317 U.S., 63 S.Ct. on page 182, 87 L. Ed. 227: "Strong practical considerations also support the Commissioner's construction of the statute and warrant rejection of petitioner's 'first return with net income' theory."

Petitioner's complaint here is really of the "strictness of that section" as stated in Riley Inv. Co. v. Commissioner, 311 U.S. 55, 59, 61 S.Ct. 95, 97, 85 L.Ed. 36, and not of the "strictness" or "literalism" of the Supreme Court's interpretation.

For the reasons stated the decision of the Tax Court is affirmed.

