## LARKIN'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 165, Docket 20814.

Circuit Court of Appeals, Second Circuit.

April 1, 1948.

Theodore Pearson, John W. Drye, Jr., and William H. Harrar, all of New York City, for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Sewall Key, George A. Stinson and I. Henry Kutz, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue, respondent.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The taxpayer is the Estate of Adrian H. Larkin who died a resident of the State of New York on February 23, 1942, leaving a will whereby he devised and bequeathed 1/20th of his residuary estate to his wife and 1/20th to each of his three children and the remaining 16/20ths to Albert B. Maginnes and the Central Hanover Bank and Trust Company as trustees for his wife for life, with remainder to his children or their issue. At the time of his death there had accrued to him $150,791.79 in dividends, interest, salary, payment from his law partnership, and in executors' and trustees' commissions. There had also accrued against him $26,941.44 for state and local taxes.

The executors reported all of this accrued income for income tax as they collected it from time to time in the period from February 23, 1942 to December 31, 1942 and in the years 1943 to 1946 inclusive, and paid the income tax thereon and also the state and local taxes and claimed deductions in the years of payment. The executors never distributed to anyone or sold, exchanged, or otherwise disposed of the right to receive the $150,-791.79 of accrued income. The returns of decedent and of his estate were always prepared on the cash basis. The executors filed a consent to comply with Section 134 of the Revenue Act of 1942, but no consent was filed by them in their capacity as trustees of 16/20ths of the residuary estate or by the residuary legatees.

The question before us is whether the consent filed by the executors as such, and by them only, was sufficient to meet the requirements of Section 134(g) of the Revenue Act of 1942, 56 Stat. 830, 26

U.S.C.A. Int.Rev.Acts, page 202. That section enabled the estate of persons dying during a taxable period beginning after December 31, 1933 and before January 1, 1943, by filing certain consents, to secure the benefits of Section 134 of the Act, whereby income accrued at the time of death would be taxed when received, as income of the estate or other person receiving it in accordance with Section 126 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 126, rather than be included in the return for decedent's last income-tax period and taxed as a part of the same, as was done under prior Revenue Acts by Section 42 (a) of the Code, 26 U.S.C.A. Int.Rev.Code, § 42(a).

The Tax Court held that the consent filed in the present case by the executors only was insufficient to meet the requirements of Section 134(g) of the 1942 Act and therefore determined that all the accruals to which we have referred were taxable as part of the decedent's income for the final period preceding his death, in accordance with the provisions of the Code at that date.

The most serious argument of the appellant is that the executors who signed the consent have since paid the tax upon all the accruals existing at the time of the decedent's death as they realized the cash payments represented by these accrued items. In these circumstances, where as it developed the legatees and trustees did not themselves directly receive the taxable income, it is argued that consents by them to pay taxes were unnecessary and cannot be regarded as required within the purpose of Section 134(g) of the 1942 Act. However, it must be noted that not only were consents required from the trustees and legatees by the Regulations (T.R. 111, Section 29.126-4) and a proper interpretation of Section 134(g) of the Act, but that this requirement was justified by sufficient reason. These persons were contingently liable to have tax rates applied retroactively upon their interests in the estate although they would not have been individually liable for any tax prior to this amendment. It could not definitely be said that the trustees or legatees would not subsequently be liable for a tax if Section 134 (g) were held applicable, since the executors might have transferred to the trustees and legatees the accrued rights to the income as a means of distributing the estate, instead of first receiving the income, and might thus have passed on the tax liability to the beneficial owners. See Section 126(a) (1) (C), Internal Revenue Code; H.R.Rep. No. 2333, 77th Cong., 2d Sess. 83 (1942—2 Cum.Bull. 372, 435); Sen.Rep. No. 1631, 77th Cong., 2d Sess. 100 (1942—2 Cum.Bull. 504, 579). Indeed, the mere consent of the executors would hardly seem constitutionally sufficient to bind the residuary legatees without the added consent of the latter where a tax made retroactive by Section 134(g) affected their interests. It is possible in the case of particular legatees, who have a substantial amount of other personal income, that the tax provisions thus applied would increase their tax burdens individually even though it might take less out of the estate as a whole than under the former law. There was therefore special reason for requiring consents from all persons whose interests might be affected by an election to have these new provisions of the Revenue Act of 1942 apply. In any event, diminution of taxes or partial exemption from taxes realized through application of this Act was a privilege afforded by Congress and a taxpayer must bring himself within the strict terms required for the election in order to secure its benefits. Cf. Riley Co. v. Commissioner, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36.

For the foregoing reasons, the order of the Tax Court is affirmed.