HOUSE-O-LITE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51087.   Filed July 21, 1955.

*A. Charles Lawrence, Esq.*, for the petitioner.
*Thomas C. Cravens, Jr., Esq.*, for the respondent.

## OPINION.

RAUM, *Judge:* Section 122 (b) (2) (D) was added to the Internal Revenue Code of 1939 by section 330 (b) of the Revenue Act of 1951, and provides in part as follows:

SEC. 122. NET OPERATING LOSS DEDUCTION.

  (b) AMOUNT OF CARRY-BACK AND CARRY-OVER.—

    \*      \*      \*      \*      \*      \*      \*

    (2) NET OPERATING LOSS CARRY-OVER.—

      \*      \*      \*      \*      \*      \*      \*

      (D) Loss for Taxable Year Beginning After December 31, 1946, and Before January 1, 1948, in the Case of a Corporation Which Commenced Business After December 31, 1945.—If for any taxable year beginning after December 31, 1946, and before January 1, 1948, a corporation which commenced business after December 31, 1945, has a net operating loss, such net operating loss shall be a net operating loss carry-over for each of the three succeeding taxable years, \* \* \*

It is not disputed that if the quoted provisions are inapplicable the net operating loss of petitioner sustained in its first taxable period was available, pursuant to section 122 (b) (2) (A), as a net operating loss carry-over for only the 2 succeeding taxable years, and the deduction taken by petitioner in the third succeeding taxable year (ending August 31, 1950) on account of such loss was properly disallowed.

Petitioner's net operating loss was suffered in a taxable period beginning September 6, 1946. Respondent rests his case upon the express language of section 122 (b) (2) (D), which is limited to taxable years beginning after December 31, 1946. Petitioner concedes that it is not within the express terms of that section, but contends that the purpose of section 122 (b) (2) (D) was to afford relief in respect of the type of loss suffered by it, namely, losses incurred after December 31, 1946. We are called upon to disregard the express limitations contained in the section on the theory that to deny petitioner the relief sought would be unfair and inequitable, and contrary to what Congress would have provided had it considered the situation in which petitioner now finds itself.

We are bound by the statute, and must decide this case accordingly. Where Congress has said "taxable year beginning after December 31, 1946" it would constitute legislation, not interpretation, were we to substitute "September 6, 1946" for the date specified in the statute. The relief sought by this petitioner can come only from Congress. Cf. *Riley Co.* v. *Commissioner*, 311 U. S. 55.

Petitioner cites *United States* v. *Pleasants*, 305 U. S. 357, and *Meyer's Estate* v. *Commissioner*, 200 F. 2d 592 (C. A. 2). Both are distinguishable. In the *Pleasants* case the term "net income" for the purposes of the then maximum allowable charitable deduction was held to constitute net income without diminution by reason of net

capital loss. That term was thought to be susceptible of at least two reasonable interpretations, whereas in the instant proceeding there is no possible interpretation of "taxable year beginning after December 31, 1946" except that it means what it plainly says.

In the *Meyer* case stockholders who had elected to have gains realized upon liquidation of a corporation taxed in one of two possible ways were permitted to abandon their election because it had been made in reliance upon a material mistake of fact. Petitioner argues here that since its loss for the fiscal year ending August 31, 1947, was in fact incurred after December 31, 1946, it would have elected to report income on the calendar year basis had it known at the end of 1946 that section 122 (b) (2) (D) would be added to the Code at a later date. However, unlike the taxpayers in the *Meyer* case, petitioner does not ask that it be permitted to disaffirm the election. Indeed, the very deficiency before us is based upon a fiscal year ending August 31, 1950, and petitioner has made no suggestion whatever that it desires to recast all of its income tax returns upon a calendar year basis. What we have just said is not intended to mean that any such request could be approved under the statute, but it is sufficient to show that the *Meyer* case presents an entirely different situation.

Had petitioner elected to report its income on a calendar year basis it might well have been entitled to the deduction claimed. Unfortunately for petitioner, it did not do so and must now accept all consequences of its choice, both good and bad, however fortuitously such choice may have been made. While such factors may bolster petitioner's equitable position, they may validly be considered by Congress, but not by this Court.

Section 122 (b) (2) (D) can apply only to a taxable year commencing after December 31, 1946. Since the taxable period of the petitioner which began on September 6, 1946, does not satisfy that condition, the respondent's determination must be sustained.

*Decision will be entered for the respondent.*