*For the foregoing reasons, the judgment of the district court is affirmed.*

**Carl J. CASAGRANDE, et al.,
Plaintiffs, Appellants,**

v.

**James AGORITSAS, etc., et al.,
Defendants, Appellees.**

No. 84–1396.

United States Court of Appeals,
First Circuit.

Argued Oct. 3, 1984.

Decided Nov. 19, 1984.

48

Kevin Delehanty, Chestnut Hill, Mass., with whom Marshall Newman and Newman & Newman, Boston, Mass., were on brief, for plaintiffs, appellants.

Carl Valvo, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for defendants, appellees.

Before COFFIN and BOWNES, Circuit Judges, and WEIGEL,* Senior District Judge.

PER CURIAM.

Plaintiffs-appellants, patrolmen for the Metropolitan District Commission (MDC), brought an action under 42 U.S.C. § 1983 claiming violation of due process and equal protection as a result of defendants' failure to follow their own promotional hiring procedures. The district court granted defendants-appellees' motion for summary judgment stating that the issues raised by the complaint were inextricably intertwined with questions decided in plaintiffs' state court action. We affirm on the ground that the instant action is barred under principles of res judicata.[1]

■ Despite appellants' allegation that they did not seek in federal court redress for the same wrong as was litigated in state court, we note from the complaints

and the briefs that appellants raised substantially the same claims in the state and federal court actions and sought the same relief. Having lost on the substantive claims in state court, *Flynn v. Civil Service Commission*, 15 Mass.App. 206, 444 N.E.2d 407 (1983), appellants attempted to relitigate these issues in federal court under 42 U.S.C. § 1983. This they may not do.

In a § 1983 action "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District*, — U.S. ——, 104 S.Ct. 892, 898–99, 79 L.Ed.2d 56 (1984). As we noted in *Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir.1983), Massachusetts courts apply res judicata in "a perfectly traditional manner". In Massachusetts the entry of judgment in a case between the same parties "extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction .... out of which the complaint arose". *Boyd v. Jamaica Plain Co-operative Bank*, 7 Mass.App. 153, 163, 386 N.E.2d 775, 781 (1979) (citations omitted). A second claim is barred "even though the plaintiff is prepared in the second action to present evidence, grounds, or theories of the case not presented in the first action ...." *Id. See Mackintosh v. Chambers*, 285 Mass. 594, 596–97, 190 N.E. 38 (1934).

■ Appellants argue that res judicata does not bar their § 1983 claim. They contend that they could not raise their § 1983 claim in state court because the action initially was one "in the nature of certiorari", allegedly limited to the correction of errors of law arising from the administrative proceeding before the Civil Service Commission. Appellants' claim is without merit.

* Of the Northern District of California, sitting by designation.

1. Although we might well agree with the district court that dismissal on the complaint is warranted because the district court lacks jurisdiction to hear the case, *see District of Columbia*

*Court of Appeals v. Feldman*, 103 S.Ct. 1303, 1317 (1983), we choose to affirm its judgment on an independent ground. *Riley Co. v. Commissioner*, 311 U.S. 55, 59, 61 S.Ct. 95, 97, 85 L.Ed. 36 (1940); *Roy v. City of Augusta, Maine*, 712 F.2d 1517, 1520 n. 3 (1st Cir.1983).

First, the Massachusetts Appeals Court not only has authority to review substantive legal claims beyond administrative review in actions on certiorari appeal, but the court specifically dealt with and rejected appellants' contention that MDC's failure to follow the procedures they purported to use in making promotion decisions violated state law. *Flynn v. Civil Service Commission*, 15 Mass.App. at 210, 444 N.E.2d at 410. This is the precise issue appellants raise under § 1983 in district court. Second, res judicata precludes litigation not only of those claims which were actually litigated, but also of claims which could have been presented in the first action. *Landrigan v. City of Warwick*, 628 F.2d 736, 740 (1st Cir.1980); *Lovely v. LaLiberte*, 498 F.2d 1261, 1263 (1st Cir.1974). By forcing plaintiffs to bring related claims as part of a single cause of action, res judicata prevents needless and duplicative litigation. 18 J. Moore, J. Lucas, T. Currier, *Moore's Federal Practice* § 0.410 [2] (2d ed. 1983). Appellants' decision, therefore, not to include § 1983 as support for their claims in the state court proceeding may not now provide a justification for bringing a separate federal court action.

We also question appellants' decision to appeal this case. As a result of the obvious similarity of the claims and relief sought in the § 1983 action to those rejected in the earlier state court proceedings, coupled with appellants' misrepresentation as to the feasibility of raising their § 1983 claim in state court, we assess double costs against appellant under Fed.R.App.P. 38.

*Affirmed. Double costs to appellees.*