902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dazy OZOMARO, Plaintiff-Appellant,
v.
NATIONAL WATER LIFT COMPANY; Local Union No. 1666 UAW;
International Union, United Automobile Aerospace &
Agricultural Implement Workers of
America, Defendants-Appellees.
 
 No. 89-1526.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 Before WELLFORD and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Pro se plaintiff-appellant Dazy Ozomaro appeals the district court's grant of summary judgment for defendant-appellee National Water Lift Company and for defendants-appellees, International Union and Local Union, in this action for race discrimination in employment.
 
 
 2
 Because res judicata bars plaintiff's suit, we affirm the district court's judgment.
 
 I.
 
 3
 National Water Lift Company ("NWLC") hired plaintiff in July 1985 and discharged him in July 1986 for falsifying an insurance claim. Defendants claim the discharge was in accordance with NWLC's Rules of Conduct established pursuant to the collective bargaining agreement between NWLC and defendant unions. Plaintiff was a member of Local Union No. 1666 (UAW) while employed by NWLC.
 
 
 4
 After the discharge, plaintiff filed a grievance which was processed according to the terms of the collective bargaining agreement. The Local Union, however, voted not to arbitrate plaintiff's grievance.
 
 
 5
 On February 11, 1987, plaintiff filed a civil action pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, in district court against NWLC and the International Union. Plaintiff alleged that he was wrongfully discharged as a result of NWLC's breach of the collective bargaining agreement and the International Union's breach of the duty of fair representation. The district court dismissed the claim against the International Union and granted NWLC's motion for summary judgment. On October 17, 1988, this court affirmed the district court order, finding that there had been no breach of the duty of fair representation and thus no basis for recovery under Sec. 301.
 
 
 6
 On June 17, 1988, after filing an appeal in this court, but before this court's affirmance of summary judgment in that first suit, plaintiff filed a civil action in state court against defendants NWLC, International Union, and Local Union. Plaintiff alleged, again in the context of his discharge, that defendants violated the Michigan Elliott-Larsen Civil Rights Act, Mich.Comp.Laws Ann. Sec. 37.2101 et seq., by discriminating against him on the basis of race. Defendants removed this case to federal district court.
 
 
 7
 On March 31, 1989, the district court granted defendants' motions for summary judgment, finding that federal law preemption precluded plaintiff from pursuing his state law claims. Because the court found federal preemption, it did not address other possible grounds for summary judgment for defendants but observed that "this claim is also likely barred under res judicata and collateral estoppel principles."
 
 II.
 
 8
 This court has held that "[a] decision below must be affirmed if correct for any reason, including a reason not considered by the lower court." Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985), citing J.E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 59 (1940). Regardless of the application of the preemption doctrine, in this case res judicata principles mandate summary judgment for defendants.
 
 
 9
 The Supreme Court has delineated the scope of the application of res judicata.
 
 
 10
 "[A] final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.
 
 
 11
 Brown v. Felsen, 442 U.S. 127, 131 (1979) (citations omitted).
 
 
 12
 Mr. Ozomaro was the plaintiff in both the federal court Sec. 301 action and the state court Elliott-Larsen action later removed to federal court. Defendants NWLC and International Union were defendants in both suits, although the court in the first suit refused to allow plaintiff to add the Local Union as a defendant because of the running of the statute of limitations. In both complaints, plaintiff sought recovery for his claimed wrongful discharge, and alleged racial discrimination in both, although the second complaint asserted racial discrimination in greater detail and claimed, in addition, failure to arbitrate. The first lawsuit was terminated by a final summary judgment on the merits.
 
 
 13
 The doctrine of res judicata bars splitting a single claim or cause of action into multiple lawsuits, albeit on different theories. The plaintiff's single cause of action for wrongful discharge for reasons of racial discrimination has been split into two lawsuits, one on a federal labor law theory and the other on a state civil rights theory. That is precisely what the doctrine of res judicata is designed to preclude.
 
 
 14
 For the foregoing reasons, we AFFIRM the district court's judgment.